UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIFFANY B.,

                                     Plaintiff,

v.                                                                               5:24-CV-01206
                                                                                               (BKS/ML)

COMMISSIONER OF SOCIAL SECURITY,

                                     Defendant.
_____

APPEARANCES:                                              OF COUNSEL:

OLINSKY LAW GROUP                    HOWARD D. OLINSKY, ESQ.
 *Attorneys for Plaintiff*
250 S. Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.         KRISTINA D. COHN, ESQ.
 *Counsel for Defendant*
6401 Security Boulevard
Baltimore, Maryland 21235

**MIROSLAV LOVRIC**, United States Magistrate Judge

## REPORT-RECOMMENDATION

      Plaintiff Tiffany B. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for Disability Insurance Benefits ("DIB"). (Dkt. No. 1.)  This matter was referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, Chief United States District Court Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. Nos. 4, 5.)  This case has proceeded in accordance with General Order 18.

Currently before this Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 12, 14, 15.) For the reasons set forth below, this Court recommends that the District Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, and remand the Commissioner's decision for further administrative proceedings.

I.  **PROCEDURAL HISTORY**

On October 18, 2021, Plaintiff protectively filed an application for DIB, alleging disability dating from February 26, 2021. (Administrative Transcript ("T.") 192-193.) Her application was denied initially on March 11, 2022, and her request for administrative reconsideration was denied on July 22, 2022. (T. 75-110.) Plaintiff's request for a hearing was granted. (T. 132, 160-165.) On March 1, 2024, Plaintiff and vocational expert ("VE") Edmond Calandra testified by telephone before Administrative Law Judge ("ALJ") Kate Dana. (T. 34-74.) The ALJ issued an unfavorable decision on March 13, 2024. (T. 14-33.) The Appeals Council denied Plaintiff's request for review on August 14, 2024. (T. 1-6.)

Plaintiff commenced this proceeding on October 1, 2024 to challenge the Commissioner's denial of disability benefits. (Dkt. No. 1.)

II. **GENERALLY APPLICABLE LAW**

A.  Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm the ALJ's decision if it reasonably doubts

2

whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). To facilitate the court's review, an ALJ must set forth the crucial factors justifying his or her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted). Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153. In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685

3

F.2d 60, 62 (2d Cir. 1982).

   B.   **Standard for Benefits**[1]

To be considered disabled, a plaintiff-claimant seeking benefits must establish that he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff-claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id*. § 1382c(a)(3)(B).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. § 405(a)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability. 20 C.F.R. § 416.920(a)(4) (2015). Under that five-step sequential evaluation process, the decision-maker determines:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there

---

[1] The requirements for establishing disability under Title XVI, 42 U.S.C. § 1382c(a)(3) and Title II, 42 U.S.C. § 423(d), are identical, so that "decisions under these sections are cited interchangeably." *Donato v. Sec'y of Health and Human Servs.*, 721 F.2d 414, 418 n.3 (2d Cir. 1983) (citation omitted).

> are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

### III. FACTS

As of the date of the ALJ's decision, Plaintiff was 38 years old. (T. 41, 192.) At the time of her hearing, Plaintiff resided with her husband and her two sons, ages 19 and 17. (T. 41.) She is a high school graduate who attended one year of college and completed professional training to be a medical secretary. (T. 43, 260, 966.) Plaintiff's employment history includes work as a food service employee, emergency dispatcher, hotel front desk clerk, and several positions at a hospital including patient access representative, parking garage attendant, and switchboard operator. (T. 42-47, 260, 966.)

In February 2021, Plaintiff suffered a stroke. (T. 382-383.) She underwent extensive rehabilitation and physical therapy but still has difficulty using her dominant right hand and fingers for gripping and fine manipulation. (T. 415, 555, 1189.) Plaintiff testified that the stress of recovering from her physical impairments has exacerbated her pre-existing depression and anxiety symptoms. (T. 58-60, 455, 459, 1231.)

The record includes Plaintiff's relevant medical and mental health treatment history. Rather than summarizing the records at the outset, I will refer to the pertinent records during my discussion of Plaintiff's arguments.

### IV. THE ALJ'S DECISION

As an initial matter, the ALJ determined that Plaintiff met the insured status requirements

through December 31, 2028. (T. 19.) Based upon her review of the administrative record, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the alleged onset date of February 26, 2021. (*Id*.) At step two, the ALJ found that Plaintiff has the following severe impairment: "vascular insult to the brain following acute ischemic stroke." (T. 20)

At step three of the evaluation, the ALJ found that Plaintiff's impairments either singly or in combination did not meet or medically equal the severity of a listed impairment, particularly neurological disorders under Section 11.00, including Listing 11.04 (vascular insult to the brain). (T. 23.) Next, the ALJ found that Plaintiff could perform less than the full range of light work. (T. 23-27.) Specifically, the ALJ found that Plaintiff:

> is able to lift and carry twenty pounds occasionally and ten pounds frequently. She can stand and/or walk for six hours in an eight-hour workday. She can sit for six hours in an eight-hour workday. She can occasionally use the right dominant upper extremity for fingering.[2] She can tolerate occasional exposure to fumes, odors, dust, gases, and other atmospheric irritants. She can tolerate occasional exposure to extreme cold temperatures. She must avoid all exposure to hazards, including moving mechanical parts and unprotected heights.

(T. 23.)

In making the RFC determination, the ALJ stated that she considered all of Plaintiff's symptoms, and the extent to which those symptoms could "reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529" and Social Security Ruling ("SSR") 16-3p. (T. 24.) The ALJ further stated that she considered opinion evidence and prior administrative medical findings in accordance with 20 C.F.R. §§ 404.1520c. (*Id*.) The ALJ also considered Plaintiff's subjective complaints regarding

---

[2] "Fingering" means "[p]icking, pinching, or otherwise working primarily with fingers rather than with the whole hand or arm . . ." *See Tanya W. v. Comm'r of Soc. Sec*., No. 3:20-CV-510 (TWD), 2021 WL 4942092, at *8 (N.D.N.Y. Oct. 22, 2021) (internal citation omitted).

pain, symptoms, and functional limitations raised during the hearing and in the overall administrative record and found them "not entirely consistent with the medical evidence and other evidence in the record . . ." (T. 24.)

At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a resident care aide, as that job was actually performed. (T. 27.) Relying on the VE testimony, the ALJ next found that there are other light work and sedentary jobs existing in significant numbers in the national economy that Plaintiff can perform. (T. 27-29.) Accordingly, the ALJ found that Plaintiff had not been disabled from her alleged onset date of February 26, 2021 through the date of the ALJ's decision. (T. 29.)

V.  **ISSUES IN CONTENTION**

Plaintiff argues that the ALJ improperly evaluated the persuasiveness of the medical opinion evidence and improperly relied on her lay opinion of Plaintiff's activities of daily living to reach an RFC determination that is not supported by substantial evidence, particularly with regard to Plaintiff's ability to use her right hand. (Dkt. No. 12 at 4-8, Dkt. No. 15 at 1.) The Commissioner contends that the ALJ's analysis of the medical opinion evidence, Plaintiff's testimony, and the ultimate disability determination were supported by substantial evidence. (Dkt. No. 14 at 7-13.) For the following reasons, this Court agrees with Plaintiff that the ALJ's disability determination was not supported by substantial evidence and recommends that the District Court grant Plaintiff's motion for judgment on the pleadings, deny Defendant's motion for judgment on the pleadings, and remand for further administrative proceedings.

## VI. RFC AND MEDICAL OPINION EVIDENCE

### A. Legal Standards

#### 1. RFC

RFC is "what [the] individual can still do despite his or her limitations. Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. . . ." A "regular and continuing basis" means eight hours a day, for five days a week, or an equivalent work schedule. *Balles v. Astrue*, No. 3:11-CV-1386 (MAD), 2013 WL 252970, at *2 (N.D.N.Y. Jan. 23, 2013) (citing *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96–8p, 1996 WL 374184, at *2)); *Babcock v. Berryhill,* No. 5:17-CV-00580 (BKS), 2018 WL 4347795, at *12-13 (N.D.N.Y. Sept. 12, 2018); *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 33 (2d Cir. 2013); *Stephens v. Colvin*, 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016).

In rendering an RFC determination, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945. *See Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999) (citing *LaPorta v. Bowen*, 737 F. Supp. 180, 183 (N.D.N.Y. 1990)); *Kirah D. v. Berryhill*, No. 3:18-CV-0110 (CFH), 2019 WL 587459, at *8 (N.D.N.Y. Feb 13, 2019); *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010). An ALJ must specify the functions a plaintiff is capable of performing and may not simply make conclusory statements regarding a plaintiff's capacities. *Roat v. Barnhart,* 717 F. Supp. 2d 241, 267 (N.D.N.Y. 2010); *Martone*, 70 F. Supp. 2d at 150 (citing *Ferraris*, 728 F.2d at 588; *LaPorta*, 737 F. Supp. at 183, *Stephens v. Colvin,* 200 F. Supp. 3d 349, 361 (N.D.N.Y. 2016); *Whittaker v. Comm'r of Soc. Sec.*, 307 F. Supp. 2d 430, 440 (N.D.N.Y. 2004). The RFC assessment must

also include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence. *Natashia R. v. Berryhill*, No. 3:17-CV-01266 (TWD), 2019 WL 1260049, at *11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 WL 374184, at *7).

### 2.    **Evaluating Medical Evidence**

The regulations regarding the evaluation of medical evidence have been amended for claims filed after March 27, 2017,[3] and several of the prior Social Security Rulings, including SSR 96-2p, have been rescinded. According to the new regulations, the Commissioner "will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 82 Fed. Reg. 5844, at 5867–68, 2017 WL 168819 (Jan. 18, 2017), *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the Commissioner must consider all medical opinions and "evaluate their persuasiveness" based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and "other factors." 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c).

Although the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning "weight" to a medical opinion, the ALJ must still "articulate how [he or she] considered the medical opinions" and "how persuasive [he or she] find[s] all of the medical opinions." *Id.* at §§ 404.1520c(a) and (b)(1), 416.920c(a) and (b)(1). The two "most important factors for determining the persuasiveness of medical opinions are consistency and supportability," which are the "same factors" that formed the foundation of

---

[3] Plaintiff's application was protectively filed on October 18, 2021. (T. 192-193.) Thus, the new regulations apply in this case.

9

the treating source rule. *Revisions to Rules*, 82 Fed. Reg. 5844-01 at 5853.

An ALJ is specifically required to "explain how [he or she] considered the supportability and consistency factors" for a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). With respect to "supportability," the new regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(1), 416.920c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* at §§ 404.1520c(c)(2), 416.920c(c)(2).

Under the new regulations an ALJ must consider, but need not explicitly discuss, the three remaining factors in determining the persuasiveness of a medical source's opinion. *Id.* at §§ 404.1520c(b)(2), 416.920c(b)(2). However, where the ALJ has found two or more medical opinions to be equally well supported and consistent with the record, but not exactly the same, the ALJ must articulate how he or she considered those factors contained in paragraphs (c)(3) through (c)(5). *Id.* at §§ 404.1520c(b)(3), 416.920c(b)(3).

**B.     Summary of Medical Health Opinion Evidence**

The administrative record contains a number of medical and mental health opinions. Because Plaintiff's challenge focuses on the ALJ's evaluation of her physical impairments, this Court will summarize the relevant consulting medical opinions in chronological order. The record does not include a formal opinion of Plaintiff's physical RFC from any of Plaintiff's

treating physicians.

### 1. Consultative Examiner Dr. Lorensen's February 2022 Opinion

Dr. Elke Lorensen performed a consultative physical examination of Plaintiff on February 24, 2022. (T. 970-973.)  Prior to the examination, Plaintiff described her ongoing recovery from a stroke and reported that her primary difficulty was decreased grip strength in her right hand that caused problems performing daily activities. (T. 970.)

During the consultative examination, Dr. Lorensen observed that Plaintiff appeared in no acute distress, with a normal gait and no difficulty walking on her heels and toes. (T. 971.)  She did not require any assistance changing for the examination, getting on and off the examination table, or rising from a chair. (*Id*.)  Plaintiff had full range of motion in the upper and lower extremities but poor hand and finger dexterity in the right hand, with reduced grip strength as compared to her left hand. (T. 972.)  Dr. Lorensen observed that Plaintiff had "marked difficulty zipping and buttoning" and was unable to tie a bow with both hands. (*Id*.)  She did not observe any difficulties with the left hand. (*Id*.)

Based on this examination, Dr. Lorensen opined that Plaintiff had no gross limitations for sitting, standing, walking, or using her left hand, but "marked limitations for use of the right hand in a right-hand dominant female." (*Id*.)  The ALJ found Dr. Lorensen's opinion to be persuasive, describing it as supported by the consultative examination results and consistent with the overall record. (T. 26.)  In particular, the ALJ cited its consistency with physical therapy notes from May 2022 report documenting Plaintiff's difficulties using her right hand. (T. 26, 1054-1055.)

### 2. Dr. Reynold's March 2022 and Dr. Rosenthal's July 2022 Non-Examining Consultant Opinions

On March 11, 2022, Dr. R. Reynolds, a state agency medical consultant, reviewed Plaintiff's then-current medical records and offered an opinion regarding her physical functional limitations. (T. 84-87.) Dr. Reynolds opined that Plaintiff can occasionally lift twenty pounds and frequently lift up to ten pounds. (T. 85.) In the consultant's opinion, Plaintiff can stand and/or walk for more than six hours over the course of an eight-hour workday and can sit for the same total length of time. (*Id*.) Dr. Reynolds found no evidence of postural limitations in the record but opined that Plaintiff's difficulties with fine manipulation of her right hand and fingers limited her to "one-armed work." (T. 86.) In an accompanying narrative, Dr. Reynolds cited examination notes showing reduced dexterity and grip strength in the right hand and fingers following Plaintiff's February 2021 stroke, and Dr. Lorensen's observation that Plaintiff had marked difficulty with zipping and buttoning during her consultative examination. (T. 86-87, 518-519, 521, 529, 972.)

On July 20, 2022, Dr. J. Rosenthal reviewed Plaintiff's updated medical records as part of her request for reconsideration and offered an opinion affirming all of Dr. Reynold's initial opinion. (T. 102-106.) In an accompanying narrative, Dr. Rosenthal cited updated records showing Plaintiff's increased difficulty using her right hand during cold weather, treatment notes from May 2022 showing decreased dexterity, strength, and muscle tone in the right upper extremity, and "varying levels of success" when Plaintiff tried to use her right hand to perform daily tasks. (T. 105-106, 989, 1055.)

The ALJ stated that she was "partially persuaded" by the non-examining consultants' opinions, finding them "supported by a detailed analysis and citation to the medical evidence of

record" and "consistent with the overall evidence of record, including the opinion of the consultative examiner." (T. 26.) However, the ALJ rejected the opinion that Plaintiff was limited to one-armed work as unsupported by the evidence cited by either consultant or the overall record. (*Id*.) In particular, the ALJ found it internally inconsistent with their opinion that Plaintiff could still perform "limited fingering" with her right hand, the lack of opined manipulative limitations in reaching and handling, and "the record as a whole, including activities of daily living, work activity, testimony at hearing, and treatment records." (T. 26, 85-87, 103-106.)

### C. The ALJ Failed to Properly Evaluate the Medical Opinion Evidence Regarding Plaintiff's Ability to Use Her Right Hand.

"At their most basic, the amended regulations require that the ALJ explain her findings regarding the supportability and consistency for each of the medical opinions, 'pointing to specific evidence in the record supporting those findings.'" *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *8 (N.D.N.Y. February 22, 2021). An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019*); see also Loucks v. Kijakazi,* No. 21-CV-1749, 2022 WL 2189293, at *2 (2d. Cir. June 17, 2022) (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"). However, the Second Circuit has recently clarified that an ALJ's procedural error in failing to explain how he or she "considered the supportability and consistency of medical opinions in the record" does not necessarily preclude affirmance of the Commissioner's decision. *Loucks*, 2022 WL 2189293, at *2. As the *Loucks* decision explained, it is well-settled that "[d]espite [an] ALJ's procedural error," a reviewing

13

court can affirm if "a searching review of the record assures [the court] that the substance of the [regulation] was not traversed." *Id.*, 2022 WL 2189293, at *2 (quoting *Estrella*, 925 F.3d at 96). Thus, while a reviewing court may not affirm the Commissioner's decision based on an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole. *See, e.g. John L.M. v. Kijakazi,* No. 5:21-CV-368 (BKS/TWD), 2022 WL 3500187, at *2-3 (N.D.N.Y. August 18, 2022); *Ricky L. v. Comm'r Soc. Sec.*, No. 20-CV-7102 (FPG), 2022 WL 2306965, at *4 (W.D.N.Y. June 27, 2022).

The ALJ's failure to adequately explain his rejection of medical opinions limiting Plaintiff to work that only required use of her left non-dominant arm prompts this Court to recommend remand for further consideration of the relevant medical opinions and other record evidence. To begin with, although the ALJ summarized Dr. Reynolds' and Dr. Rosenthal's opinions in detail, she provided minimal explanation for finding these opinions less persuasive beyond a purported inconsistency with "the overall evidence of record" and "activities of daily living and work activity." (T. 26.) It is well-established that an ALJ may not rely on such general assertions without further elaboration. *See, e.g., Melissa S. v. Comm'r Soc. Sec.*, No. 5:21-CV-420 (DJS), 2022 WL 1091608, at *4 (N.D.N.Y. Apr. 12, 2022) ("[T]he ALJ does nothing more than state that the opinion is inconsistent with the record but offers no explanation as to how that is true.").

The ALJ furthered erred in her analysis of the medical opinions by failing to explain how Dr. Lorensen's opinion that Plaintiff has "marked limitations" in use of her dominant right hand was (1) inconsistent with a limitation to one-armed work, and (2) consistent with the ALJ's RFC determination that Plaintiff can "occasionally use the right dominant upper extremity for

14

fingering." (T. 23, 972.) The Commissioner defines "occasional" as "from very little up to one-third of the time." SSR 83-14, *Titles II & XVI: Capability to Do Other Work - The Medical-Vocational Rules as a Framework for Evaluating a Combination of Exertional & Nonexertional Impairments*, 1983 WL 31254, at *2 (January 1, 1983). Courts in this Circuit have recognized that a physician's assessment of marked limitations, without more, is a vague description that is not necessarily consistent with the ability to perform an action up to one-third of the workday. *See Jeffery A. v. Comm'r of Soc. Sec.*, No. 3:18-CV-1473 (CFH), 2020 WL 1234867, at *9 (N.D.N.Y. Mar. 13, 2020) (collecting cases). Therefore an ALJ is required to provide an adequate explanation to resolve the potential discrepancy. *See Portland G. v. Comm'r of Soc. Sec.,* No. 1:20-CV-01035 (EAW), 2023 WL 1097459, at *7 (W.D.N.Y. Jan. 30, 2023) ("Because the ALJ's analysis lacks the logical connection between the evidence regarding Plaintiff's inability to properly use her right shoulder and right hand, and her ability to perform light work, the Court is unable to discern how the ALJ arrived at the conclusion that Plaintiff was able to occasionally reach in all directions with her right arm, occasionally handle objects/finger with her right hand, and perform the lifting, carrying, pushing, and pulling requirements of light work."); *Buczynski v. Comm'r of Soc. Sec.*, No. 1:17-CV-01126 (MAT), 2019 WL 5540880, at *4 (W.D.N.Y. Oct. 28, 2019) (". . . the written determination does not include any explanation as to how limiting Plaintiff to occasionally using his right arm/hand is consistent with Dr. Balderman's opinion that Plaintiff had marked limitations for performing those same activities. Without this additional information, the Court is unable to discern how the ALJ arrived at his conclusion that the RFC is supported by Dr. Balderman's opinion, and therefore whether the RFC is supported by substantial evidence.").

Consistent with that caselaw, the ALJ in this case was required to explain the evidence

15

that led her to find that the marked limitations opined by Dr. Lorensen still allowed occasional use of the right hand and arm. Likewise, the ALJ was required to explain how such marked limitations were inconsistent with a limitation to one-armed work. The lack of such explanation would likely justify remand, but this Court conducted further inquiry consistent with the Second Circuit's instruction in *Loucks*.

Following that "searching review" of the record, this Court still recommends remand. The record documents Plaintiff's continued difficulties using her right hand and fingers to perform daily tasks, despite continued attempts at neuromuscular rehabilitation and physical therapy following her stroke. (T. 310-311, 555, 599, 608, 1053, 1180, 1183, 1187-1193, 1301, 1314, 1324.) The consultative examination provided specific examples of this in Plaintiff's failed attempts to use a zipper or fasten a button with her right hand. (T. 972.) Although Plaintiff has worked or attempted to work following her stroke, she testified that she left one position after she was unable to write with her right hand during cold weather months and worked at another hybrid position that was reportedly created by her employer specifically to accommodate her physical impairments. (T. 44-48, 54, 1420, 1425.)

At the same time, this Court's searching review has not identified record evidence that would bolster the ALJ's general references to the record and Plaintiff's daily activities. Thus, the "fleeting discussion" by the ALJ is insufficient to support her conclusion that Plaintiff can occasionally use her right hand despite multiple contrary medical opinions. *See Alexa J. M. v. Kijakazi*, No. 5:22-CV-243 (BKS/ML), 2023 WL 4467124, at *4 (N.D.N.Y. July 11, 2023) (remanding where the ALJ did not explain, "either expressly or implicitly," how the relevant evidence supports or undermines the medical opinion evidence). Meaningful review is "frustrated" where "the Court is left to guess at the ALJ's reasoning." *See Brian C. v. Comm'r of*

*Soc. Sec.*, No. 3:22-CV-01292 (LEK/TWD), 2024 WL 1468869, at *8 (N.D.N.Y. Feb. 20, 2024), *rep. rec. adopted*, 2024 WL 1069877 (N.D.N.Y. Mar. 12, 2024).

It is well-established that ALJs are not required to "reconcile every conflicting shred of medical testimony." *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981). However, it is equally true that an ALJ must "build an accurate and logical bridge from the evidence to her conclusion to enable a meaningful review." *Pamela P. v. Saul*, No. 3:19-CV-575 (DJS), 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)). Because the ALJ's decision failed to build that accurate and logical bridge, this Court recommends remand to allow the ALJ to explain the supportability and consistency factors more fully with regard to Plaintiff's use of her right hand in the workplace, and to further develop the record as appropriate. *See Rivera v. Comm'r of the Soc. Sec. Admin.*, No. 19-CV-4630 (LJL/BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020) ("If the ALJ fails adequately to explain the supportability or consistency factors, or bases her explanation upon a misreading of the record, remand is required."), *rep. rec. adopted*, 2021 WL 134945 (S.D.N.Y. Jan. 14, 2021). Because the VE testified that an inability to use the dominant right arm would "eliminate all gainful, competitive employment," the ALJ's errors on this issue cannot be considered harmless. (T. 71-72.)

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) be **GRANTED**; Defendant's motion for judgment on the pleadings (Dkt. No. 14) be **DENIED;** and that the matter be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated:  November 17, 2025
        Binghamton, NY

_Miroslav Lovric_
Miroslav Lovric
U.S. Magistrate Judge